UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tracey A. Necak<br>97 Weathervane Lane<br>Brunswick, Ohio 44212<br><br>Plaintiff,<br><br>vs.<br><br>Select Portfolio Servicing, Inc.<br>c/o Corporation Service Company<br>50 West Broad Street, Ste. 1330<br>Columbus, Ohio 43215<br><br>Defendant. | Case Number: 2:19-cv-3997<br><br>Judge:<br><br>Magistrate Judge:<br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon personal knowledge of Plaintiff Tracey A. Necak ("Mrs. Necak"), the investigation of counsel, and information and belief. Mrs. Necak, through counsel, alleges as follows:

## I. PRELIMINARY STATEMENT

1. This action arises from the false representation by Select Portfolio Servicing, Inc. ("SPS") to collect approximately Fifteen Thousand Dollars from Mrs. Necak during previous litigation that SPS was not entitled to recover as a matter of law. Its attempts to collect these unlawful amounts constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

## II. JURISDICTION & VENUE

2. This Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, and 28 U.S.C. §§1331 and 1337.

1

3. This Court has personal jurisdiction over SPS because SPS transacts business within this District on a systematic and continuous basis, and SPS has appointed an agent for service in Ohio. *International Shoe v. Washington*, 326 U.S. 310 (1945); 28 U.S.C. §1391(b)(2); R.C. 2307.82.

4. Venue is proper in accordance with 28 U.S.C. §1391(b)(2), as SPS is subject to personal jurisdiction in this District due to its attempts to collect the debts in this District.

### III. PARTIES

5. Plaintiff, Mrs. Necak, is a natural person currently residing at 97 Weathervane Lane, Brunswick, OH 44212.

6. SPS is a business organized in the State of Utah.

7. Mrs. Necak was and is a **Consumer** within the meaning of 15 U.S.C. §1692a(3).

8. At all relevant times, Mrs. Necak's note and mortgage ("Mortgage Loan") on her personal residence is and was a **Debt** under the FDCPA, 15 U.S.C. §1692a(5).

9. SPS was and is a **Debt Collector** within the meaning of 15 U.S.C. §1692a(6) for reasons stated in this Complaint including, but not limited to: its use of an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. SPS regularly uses instrumentalities of interstate commerce or the mails in furtherance of its business purpose.

11. SPS's principal business purpose is the collection of debts connected to mortgages.

12. SPS regularly uses instrumentalities of interstate commerce or the mails in communicating with consumers within the State of Ohio and within this judicial district.

13. SPS and Mrs. Necak have no relationship outside the Mortgage Loan.

14. SPS began servicing Mr. Necak's loan at a time when it alleged she was in default for lack of payment.

15. SPS treated the Mortgage Loan as a loan in default when SPS began servicing the Mortgage Loan.

16. SPS began servicing Mrs. Necak's Mortgage Loan on or around June 1, 2013.

17. SPS alleged Mrs. Necak was in default at the time SPS began servicing her loan on or around June 1, 2013.

18. Mrs. Necak was allegedly behind on her monthly mortgage payments on or around June 1, 2013.

19. The Motion to Tax Costs and Reply Brief from SPS to Plaintiff through the court are **Communications** in an attempt to collect a debt within the meaning of 15 U.S.C. §1692a(2) because the Motion and Reply Brief were means of conveying information to collect a debt directly or indirectly to Mrs. Necak.

20. Plaintiff's alleged obligations to SPS are **debts** within the meaning of the FDCPA, 15 U.S.C. §1692a(5), for reasons stated in this Complaint including: SPS's representation Mrs. Necak owed SPS money it was not legally entitled to, asking for payment for sums solely related to the State Court foreclosure case, the nature of the transaction that was the subject of the original suit, etc.

21. Defendant is and was subject to the FDCPA, 15 U.S.C. §1692 *et seq.*, at all times relevant to this transaction.

### IV. <u>FACTUAL ALLEGATIONS</u>

22. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

23. Defendant filed foreclosure proceedings in the Medina County Court of Common Pleas against Mrs. Necak on or around February 9, 2017.

24. Mrs. Necak won the State Court foreclosure case after a bench trial.

25. On or around July 13, 2017, Mrs. Necak filed suit against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), breach of contract, and promissory estoppel in the U.S. District Court for the Northern District of Ohio, Eastern Division for Defendant's actions concerning a loan modification on the mortgage of her primary residence.

26. Mrs. Necak lost the RESPA case after a multiday jury trial.

27. On or around June 5, 2019, SPS filed a Motion to Tax Costs in the amount of Eleven Thousand Two Hundred and Fifty Two Dollars and Ninety Two Cents ($11,252.92), in connection with the litigation surrounding her home loan, for expenses not assignable to Plaintiff under federal and Ohio law including: travel and subsistence expenses incurred by attorneys for the State Court foreclosure case, travel and subsistence expenses incurred by attorneys and corporate representatives for the State Court foreclosure case, witness fees for Plaintiff's husband, unidentifiable copying fees, cost of mediation, etc. Exhibit A.

28. Ohio law does not permit banks in home foreclosure actions to recover attorney fees from the opposing party as part of their lawsuit.

29. Attorney H. Toby Schisler, Esq. ("SPS's Attorney") wrote Defendant's Reply Memorandum in Support of its Motion to Tax Costs. *See* Exhibit B.

30. At all relevant times, SPS's Attorney was writing in his capacity as a legal representative of SPS.

31. SPS's Attorney attached a declaration ("Declaration") to Defendant's Motion to Tax Costs.

32. SPS's Attorney wrote the Declaration and stated it was made under penalty of perjury.

33. The Declaration stated that SPS's Attorney personally obtained all costs incurred by Defendant from Dinsmore & Shohl LLP's accounting system.

34. The Declaration stated that a specific and unique client and matter code is assigned to every separate matter handled by Dinsmore & Shohl.

35. The Declaration stated that the matter number for the RESPA litigation was separate and distinct from the matter number associated with the State Court foreclosure proceedings involving Mrs. Necak.

36. The Declaration stated that all costs identified on Exhibit 1 were solely related to the RESPA litigation.

37. Despite the Declaration, numerous costs detailed in Exhibit 1 and requested in Defendant's Motion were solely related to the State Court foreclosure proceeding that Mrs. Necak won at trial.

38. In Defendant's Reply Memorandum, Defendant admitted that several sworn statements of SPS's Attorney were not true and that several of the costs requested in the Motion were solely related to the State Court foreclosure litigation.

39. That is, SPS attempted to collect attorney fees and costs not allowed to be collected in any foreclosure, let alone one it lost at trial.

40. On or around June 19, 2019, Mrs. Necak filed a Memorandum Contra to Defendant's Motion to Tax Costs and argued that the costs were unrecoverable as a matter of law pursuant to 28 USC §1920 *et seq.*, 28 U.S.C.S. §1821 *et seq.*, and relevant case law. Exhibit C.

41. On or around June 27, 2019, SPS filed a Reply Memorandum and requested an additional Seven Thousand One Hundred and Ninety One Dollars and Twenty Four Cents ($7,191.24), while agreeing with Mrs. Necak about certain false statements.

42. In total, through its Motion and Reply Brief, Defendant demanded Eighteen Thousand Four Hundred and Forty Four Dollars and Sixteen Cents ($18,444.16) from Mrs. Necak.

43. On or around July 25, 2019, the Court entered an Order stating that the "majority of fees requested by SPS" were not recoverable. Exhibit D citing 28 U.S.C. §1920 and 28 §USC 1821.

44. SPS requested fees for costs incurred during an independent and separate State Court foreclosure case it lost at trial and could never be recovered in the RESPA case.

45. SPS requested fees for mediation expenses despite SPS's volunteering to pay for all mediation expenses prior to mediation.

46. SPS requested fees for mediation expenses, attorney travel, corporate representative travel, business meals, etc. that were not recoverable pursuant to 28 U.S.C. §1920 *et seq.*

    i. **Unlawful charges SPS sought for another case are as follows:**

47. SPS requested $123.36 for mileage travel to Medina, Ohio to attend an oral hearing on January 19, 2018 for the State Court foreclosure case it lost at trial.

48. SPS requested $121.42 for mileage travel to Medina, Ohio on May 11, 2018 in connection with the State Court foreclosure case it lost at trial.

49. SPS requested $21.00 for meals on August 8, 2018 in connection with the State Court foreclosure case it lost at trial.

50. SPS requested $237.49 for mileage travel Medina, Ohio on November 9, 2018 in connection with another case.

51. SPS requested $131.92 for lodging in Medina, Ohio on November 9, 2018 in connection with the State Court foreclosure case it lost at trial.

52. SPS requested $6.06 for meals in Medina, Ohio on November 8, 2018 in connection with the State Court foreclosure case it lost at trial.

53. SPS requested $5.67 for meals in Medina, Ohio on November 9, 2018 in connection with the State Court foreclosure case it lost at trial.

54. SPS requested $121.39 for mileage travel to Medina, Ohio on November 9, 2018 in connection with the State Court foreclosure case it lost at trial.

   **ii. Unlawful charges for amounts SPS agreed to pay for mediation are as follows:**

55. SPS requested $3,450.00 for mediation on March 23, 2018 despite volunteering to pay mediation expenses prior to mediation.

56. SPS requested $2,227.99 for travel expenses for SPS's corporate representative for mediation despite volunteering to pay mediation expenses prior to mediation.

57. SPS requested $730.60 for roundtrip airfare to Columbus, Ohio for mediation despite volunteering to pay mediation expenses prior to mediation.

58. SPS requested $256.27 for lodging in Columbus, Ohio for mediation despite volunteering to pay mediation expenses prior to mediation.

59. SPS requested $29.52 for meals in Columbus, Ohio for mediation despite volunteering to pay mediation expenses prior to mediation.

60. SPS requested $28.04 for client meals in connection with mediation despite volunteering to pay mediation expenses prior to mediation.

61. SPS requested $80.00 for parking in connection with mediation despite volunteering to pay mediation expenses prior to mediation.

62. SPS requested $31.61 for a taxi car service to the airport in connection with mediation despite volunteering to pay mediation expenses prior to mediation.

   **iii. Unlawful charges SPS sought for the RESPA case are as follows:**

63. SPS requested $90.60 for a witness fee for Mr. Josh Necak, Mrs. Necak's husband, despite Plaintiff's counsel agreeing to produce Mr. Necak.

64. SPS requested $2,895.99 for travel expenses for SPS's corporate representative to appear at deposition and trial.

65. SPS requested $2,067.27 for travel expenses for SPS's corporate representative to testify at trial.

66. The Trial Court awarded SPS only $3,622.10 for a witness fee, a copying fee, and the deposition fee as they were the only fees recoverable pursuant to 28 U.S.C. §1920 *et seq*.

67. As a result of Defendant's false representation and demands for payment of money that Defendant was not entitled to recover, Mrs. Necak suffered significant damages, including incurring attorney fees to defend Defendant's baseless Motion, sleepless nights, headaches, anxiety, and more.

68. Mrs. Necak's life has been turned upside down by SPS's conduct. Its Motion for fees re-traumatized her, impacting her life in a significant way.

## V. COUNT ONE - FDCPA

69. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

70. Defendant's actions described in this Complaint violate the FDCPA, 15 U.S.C. §1692, *et seq. See Delawder v. Platinum Financial Services Corp*., 443 F.Supp.2d 942 (S.D.Ohio 2005) and *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed.Appx. 24, 25 (6th Cir.2007).

71. SPS's attempt to collect costs it could not legally recover violates 15 U.S.C. §1692e(2), because its inflated and unlawful demands were a false representation of the character, amount, or legal status of a debt for reasons stated in this Complaint including: Defendant's demands for sums it could not legally recover; Defendant's demands for sums arising from a State Court foreclosure case that it lost, etc.

72. SPS's attempt to collect costs it could not legally recover violates 15 U.S.C. §1692f(1) because the amount SPS attempted to collect was not expressly authorized by any agreement or permitted by law for reasons stated in this Complaint including: Ohio case law preventing the collection of attorney fees in foreclosure cases against Defendants; the mortgage that was the subject of the State Court foreclosure case; the promissory note that was the subject of the State Court foreclosure case, etc.

73. SPS's attempt to collect costs it could not legally recover violated 15 U.S.C. §1692e(5) because it was a threat to take an action that could not legally be taken or was not intended to be taken for reasons stated in this Complaint including: Ohio case law preventing the collection of attorney demanded by Defendant, etc.

74. SPS's failure to comply with the explicit requirements of 15 U.S.C. §1692e(2) is in violation of the spirit and intent of the FDCPA, specifically 15 U.S.C §§1692e and 1692e(10).

75. Plaintiff incurred attorney fees defending against Defendant's baseless Motion.

76. Plaintiff has suffered significant emotional distress including: increased anxiety, sleepless nights, headaches, etc. as a result of Defendant's actions.

77. Defendant is liable to Plaintiff under this Count for damages of at least her actual damages to be proven at trial, including under 15 U.S.C. §1692k(a)(1); statutory damages in the amount of at least $1,000, including pursuant to 15 U.S.C. §1692k(a)(2)(A); and the costs of this action and attorney fees, including pursuant to 15 U.S.C. §1692k(a)(3).

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Declare SPS's actions violate the FDCPA, 15 U.S.C. §1692, *et seq*.

C. Award Plaintiff maximum actual, economic, non-economic, statutory, punitive and any other damages allowable under the law.

D. Award Plaintiff actual damages to be established at trial, including pursuant to 15 U.S.C. §1692k(a).

E. Award Plaintiff statutory damages in the amount of at least $1,000, including pursuant to 15 U.S.C. §1692k(a)(2)(A), plus attorney fees and costs of this action, including pursuant to 15 U.S.C. 1692k(a)(3);

F. Award such other relief as the Court deems appropriate.

Dated this 11th day of September, 2019.

          Respectfully Submitted,
          DOUCET & ASSOCIATES CO., L.P.A.

          /s/ Troy J. Doucet
          Troy J. Doucet (0086350)
          700 Stonehenge Parkway, Suite 2B
          Dublin, OH 43017
          (614) 944-5219 PH
          (818) 638-5548 FAX
          Troy@doucet.law
          *Attorney for Plaintiff Tracey Necak*

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

          /s/ Troy J. Doucet
          Troy J. Doucet (0086350)