# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRACEY A. NECAK, | : |
| Plaintiff, | : Case No. 2:19-cv-3997 |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| SELECT PORTFOLIO SERVICING, INC., | : Magistrate Judge Jolson |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion to Dismiss (ECF No. 3) and Plaintiff Tracey A. Necak's Motion for Partial Summary Judgment (ECF No. 6). For the following reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

### I. BACKGROUND

On February 9, 2017, U.S. Bank filed a foreclosure action against Tracey Necak and her husband in the Medina County Court of Common Pleas. (ECF No. 6 Ex. 1). Mrs. Necak prevailed after a bench trial and the foreclosure action was dismissed. (ECF No. 6 Ex. 2). While the state foreclosure action was ongoing, Mrs. Necak filed suit in Northern District of Ohio on July 13, 2017 against Defendant SPS after SPS acquired servicing rights to the mortgage loan, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"). *Necak v. Select Portfolio Servicing, Inc.*, 1:17-cv-1473, 2019 WL 1877174 (N.D. Ohio April 26, 2019). In her response to SPS's motion to dismiss or stay the RESPA litigation, Mrs. Necak argued the actions "must receive independent resolution" because the RESPA suit was "strictly for money damages

1

and cannot affect the ownership or disposition of the subject property at issue in the foreclosure." (ECF No. 10 Ex. A). After losing the RESPA case after a jury trial, SPS filed a motion to tax costs in connection with the litigation. (ECF No. 6 Ex. 3). On July 25, 2019, the Court entered an order finding the majority of SPS's request not recoverable. (ECF No. 6 Ex. 6). SPS's motion to tax costs forms the basis of Mrs. Necak's FDCPA claim in this lawsuit.

Mrs. Necak filed this complaint on September 11, 2019 against SPS seeking monetary damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, alleging SPS unlawfully attempted to collect expenses for the state foreclosure case in its motion to tax costs in federal court. (ECF No. 1). SPS moved to dismiss Plaintiff's complaint on November 7, 2019 for failure to state a claim, arguing its motion to tax costs was not an attempt to collect a "debt" and it was not acting as a "debt collector" under the statute. (ECF No. 3). On December 12, 2019, Plaintiff submitted a response in opposition to Defendant's motion to dismiss and moved for partial summary judgment on liability and statutory damages, while requesting a trial to determine emotional distress damages. (ECF No. 6). Defendant filed a response on January 9, 2020 (ECF No. 10) and Plaintiff filed her reply on February 6, 2020 (ECF No. 15). Both motions are now ripe for review.

## II. STANDARD OF REVIEW

### A. Motion to dismiss for failure to state a claim

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits*

*Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Summary judgment

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra*

*Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)).

A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Id.* (quoting *Anderson*, 477 U.S. at 250).

### III. LAW & ANALYSIS
#### A. FDCPA claims

The relevant sections of the FDCPA provide:

4

15 U.S.C. § 1692(e):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of--
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692(f):

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The FDCPA, 15 U.S.C. § 1692(a), defines "consumer," "debt," and "debt collector," as follows:

> (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
>
> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
>
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. […]

Plaintiff alleges Defendant's erroneous attempt to collect costs associated solely with the state foreclosure action in its motion to tax costs in the RESPA litigation violated § 1692(e)(2)

5

"because its inflated and unlawful demands" in its motion "were a false representation of the character, amount, or legal status of a debt." (ECF No. 1 at ¶ 71). She further claims SPS violated § 1692(e)(5) because its motion was "a threat to take an action that could not legally be taken" and (f)(1) "because the amount SPS attempted to collect was not expressly authorized by an agreement or permitted by law." (*Id.* at ¶¶ 72-73). SPS moves to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) on the grounds that its application to tax costs is not a "debt" nor was SPS acting as a "debt collector" under the statute when it filed its application. (ECF No. 3).

Fed. R. Civ. P. 54(d)(1) allows a court to award costs, and to tax costs, to the prevailing party. Plaintiff's argument is that Defendant's inclusion of some costs in its motion that the district court found unrecoverable constituted an unlawful attempt to collect a debt. This argument is not supported by the statute or case law. Defendant's partially unsuccessful motion for costs to the district court cannot constitute debt collection under the FDCPA. First, SPS is not a debt collector in this context because it is attempting to collect its *own* fees—not "debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692(a)(6) (emphasis added). Furthermore, SPS's motion to collect costs is not a "debt" because the RESPA litigation was not a consumer transaction and civil litigation costs are not debts "primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). *See Shorts v. Palmer*, 155 F.R.D. 172, 174-75 (S.D. Ohio 1994) (obligation to pay money that arises out of a civil liability is not a debt under the FDCPA).

The Eleventh Circuit in *Miljkovic v. Shafritz & Dinkin*, adopted the broad view that "documents filed in court in the course of judicial proceedings to collect on a debt…are subject to the FDCPA." 791 F.3d 1291, 1295 (11th Cir. 2015). But even under this approach, SPS's

6

motion to tax costs is not a "debt" because it is not a document filed in a proceeding *to collect on a debt*. The motion filed in *Milijkovic* still pertained to Defendant's attempt to collect the original consumer debt—in that case, plaintiff's automobile debt. *Miljkovic*, 791 F.3d at 1294-95 (holding the FDCPA applied to defendant's filing of a reply brief attempting to garnish plaintiff's wages for an unpaid automobile debt after knowing plaintiff was exempt).

Plaintiff attempts to characterize the underlying debt as the mortgage debt, citing the Sixth Circuit's decision in *Glazer v. Chase Home Finance, LLC* for the proposition that a mortgage foreclosure constitutes a consumer debt collection action. 704 F.3d 453, 461 (6th Cir. 2013). But the RESPA litigation was a separate civil suit for damages brought by Mrs. Necak. As SPS points out, SPS was not party to the original foreclosure action and Plaintiff herself argued that her RESPA lawsuit was distinct from the state foreclosure suit. (ECF No. 6 Ex. 1; ECF No. 10 Ex. A).

SPS prevailed in the RESPA lawsuit after a jury trial and filed for costs pursuant to Rule 54(d). SPS's motion to tax litigation costs as a prevailing party in the RESPA litigation is the subject of Plaintiff's complaint in this suit, not the original foreclosure action. "[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Taylor v. Javitch, Block & Rathbone, LLC.*, No. 1:12CV708, 2012 WL 2375494, at *2 (N.D. Ohio June 22, 2012) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.,* 111 F.3d 1322, 1326 (7th Cir.1997)). SPS's Rule 54 motion to the court to collect associated costs incurred from the RESPA litigation is not a consumer-related or consensual transaction and thus not a "debt" under the statute.

In her combined Response to Defendant's Motion to Dismiss and Motion for Partial Summary Judgment, Mrs. Necak again attempts to characterize SPS's motion to collect costs in

7

the RESPA litigation as "arising from" the original consumer transaction, or mortgage debt. (ECF No. 6 at 8). She makes analogies to situations where a debt collector attempts to collect bogus fees or makes false statements *in their foreclosure action*, but these fact patterns have no bearing on the instant case about fees incurred in separate ligation. (*Id.* at 8-9). The Court finds Plaintiff has failed to state a claim under the FDCPA because the alleged action by Defendant does not constitute a "debt" under the statute and therefore there are "no set of facts in support of [Plaintiff's] claim which would entitle [her] to relief." *See Mayer*, 988 F.2d at 638.

Because this Court finds Plaintiff has failed to state a claim under the FDCPA, her Complaint is **DISMISSED** and her Motion for Partial Summary Judgment is **DENIED**.

### B. Attorneys' fees

Finally, SPS asks the Court to award attorneys' fees because it argues Plaintiff's counsel filed this lawsuit "in bad faith and for the purpose of harassment" pursuant to 15 U.S.C. § 1692(k)(a)(3). While the Court ultimately finds Plaintiff's legal arguments unpersuasive, it does not find the action rises to the level of bad faith or was pursued solely with the intent to harass. *See Deere v. Javitch, Block and Rathbone LLP*, 413 F.Supp.2d 886, 889 (S.D. Ohio 2006) ("zealous advocacy about the parameters of FDCPA's consumer protection… does not suggest any nefarious motive or bad faith"). Courts have declined to award attorney fees "when a claim is 'minimally colorable' and without additional facts supporting bad faith or harassment." *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298, at *9 (S.D. Ohio May 10, 2016) (citing *Brown v. Van Ru Credit Corp.*, No. 14-12136, 2015 WL 225727, at *5 (E.D. Mich. Jan. 16, 2015), *aff'd*, 804 F.3d 740 (6th Cir. 2015)). The Court finds Plaintiff's continued pursuit of her claim despite Defendant's "communica[tion] with Plaintiff… regarding the merit

8

of her Complaint" (ECF No. 3 at 15) does not constitute sufficient "additional facts supporting bad faith or harassment." *Sohi*, 2016 WL 2745298, at *9.

## IV. CONCLUSION

For the foregoing reasons, Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss is **GRANTED** and Plaintiff Tracey Necak's Motion for Partial Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: July 27, 2020**